**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

**ALLIANCE LAUNDRY SYSTEMS,**
        **Plaintiffs,**

    **v.**                                         **Case No. 06-C-0488**

**TEC AIR, INC.,**
        **Defendant.**

## DECISION AND ORDER

Plaintiff Alliance Laundry Systems ("ALS") brought this breach of contract/negligence action against defendant Tech Air, Inc. ("Tech Air") in state court in Wisconsin. Defendant removed the case based on diversity of citizenship. Plaintiff is a Delaware corporation, whose principal place of business is Wisconsin, and defendant is an Illinois corporation, whose principal place of business is Illinois. Before me now is defendant's motion to dismiss.

### I. PLAINTIFF'S ALLEGATIONS

Plaintiff alleges that, on numerous occasions between 2001 and 2005, defendant represented that it could design and produce centrifugal fans for use in plaintiff's dryers. As a result of such representations, plaintiff entered into a series of agreements with defendant. However, plaintiff alleges that defendant failed to produce a fan free of defects thereby breaching various express and implied warranties. Finally, plaintiff alleges that in the course of its dealings with defendant, defendant negligently caused damage to a tool that plaintiff owned.

### II. STANDARD OF REVIEW

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) raises the question of whether a complaint states a claim upon which relief may be granted. Gen. Elec. Capital Corp. v. Lease Resolution Corp., 128 F.3d 1074, 1080 (7th Cir. 1997). I may not grant such a motion unless

"it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). The essence of a Rule 12(b)(6) motion is not that the plaintiff has pleaded insufficient facts, it is that even accepting all of the alleged facts, the plaintiff has no legal claim. Payton v. Rush-Presbyterian-St. Luke's Med. Ctr., 184 F.3d 623, 627 (7th Cir. 1999). In reviewing a complaint under this standard, I must accept the plaintiff's allegations as true and construe the complaint in the light most favorable to the plaintiff, resolving all doubts in its favor. Hosp. Bldg. Co. v. Trs. of Rex Hosp., 425 U.S. 738, 740 (1976). To survive a motion to dismiss, a complaint need only set forth "a short and plain statement of the claim." Fed. R. Civ. P. 8(a)(2). To satisfy this requirement, a complaint must put the defendant on notice of the claim. Williams v. Seniff, 342 F.3d 774, 792 (7th Cir. 2003); see also Bartholet v. Reischauer A.G. (Zurich), 953 F.2d 1073, 1078 (7th Cir. 1992).

### III. DISCUSSION

In response to defendant's motion, plaintiff submits a number of purchase orders. This material constitutes "matters outside the pleading" within Rule 12(b). Under the Rule, I am not obliged to consider this material and decline to do so.

Defendant makes several arguments in support of its motion to dismiss. First, defendant argues that defendant's breach of contract claim fails because plaintiff does not spell out the terms of the contract. However, under our liberal notice pleading requirements, plaintiff is not required to do so. The complaint alleges that plaintiff and defendant entered into a series of agreements that required defendant to provide plaintiff with a centrifugal fan and provide services in connection therewith and that defendant did not satisfy its obligations under the agreements. Plaintiff's allegations satisfy its obligation to put defendant on notice

2

of the nature of its claims, and defendant's contention that plaintiff does not provide sufficient detail is without merit.

Defendant also argues that plaintiff's claim is barred by the statute of limitations. The parties debate what state's law governs this issue and how such law applies to the facts (which also seem to be in dispute). However, at this stage of the case, the issue can be resolved on a less complicated basis. The statute of limitations is an affirmative defense, and a plaintiff is not required to negate an affirmative defense in its complaint. Tregenza v. Great Am. Commc'ns Co., 12 F.3d 717, 718 (7th Cir. 1993). Further, plaintiff cannot be said to have pleaded itself out of court. Id.[1]

Defendant further argues that plaintiff's breach of implied warranty claims fails because implied warranties apply only to contracts involving goods, while the contract in the present case involves services. I apply Wisconsin choice of law rules to determine whether Wisconsin or Illinois law governs this issue. Frederick v. Simmons Airlines, Inc., 144 F.3d 500, 503 (7th Cir. 1998). However, because I see no significant difference between Wisconsin and Illinois law on the question, I apply Wisconsin law. Sharp ex rel. Gordon v. Case Corp., 227 Wis. 2d 1, 11 (1999).

Under Wisconsin law, the implied warranties of fitness and merchantability apply to contracts involving goods not services. Goods include "things . . . which are moveable." Wis. Stat. § 402.105(1)(c). When a contract involves both goods and services, I determine

---

[1] The statute of limitations governing breach of contract cases in Illinois is four years, 810 Ill. Comp. Stat. § 5/2-725 (West 2006), and in Wisconsin, six years, Wis. Stat. § 893.43 (2006). Under U.C.C. § 2-725, which both Illinois and Wisconsin have adopted, a breach of warranty generally occurs when tender of delivery is made. Plaintiff alleges that defendant failed to deliver the fans by the agreed date of April 2002, instead delivering them at a later unspecified date, and it commenced the present action in March 2006. Thus, taking plaintiff's allegations as true, plaintiff's claims appear to be within both Illinois's and Wisconsin's statutes of limitations.

3

whether it is primarily for one or the other by asking whether the predominant purpose of the contract involves goods or services. Linden v. Cascade Stone Co., Inc., 276 Wis. 2d 267, 277 (Ct. App. 2004) (citing Biese v. Parker Coatings, Inc., 223 Wis. 2d 18, 24-25 (Ct. App. 1998)), aff'd, 283 Wis. 2d 606 (2005). The answer depends on "whether [the contract's] predominant factor, [its] thrust, [its] purpose, reasonably stated, is the rendition of a service, with goods incidentally involved (e.g., contract with an artist for a painting) or is a transaction of sale, with labor incidentally involved (e.g., installation of a water heater)." Biese, 223 Wis. 2d at 25. I consider the totality of the circumstances including such factors as "'the language of the contract, the nature of the business of the supplier, the intrinsic worth of the materials, the circumstances of the parties, and the primary objective they hoped to achieve by entering into the contract.'" 1325 N. Van Buren L.L.C. v. T-3 Group, Ltd., 293 Wis. 2d 410, 435 (2006) (quoting Linden, 283 Wis. 2d at 620).

Based on the above factors, I cannot say that plaintiff can prove no set of facts demonstrating that its contract with defendant was primarily for goods rather than services. Plaintiff alleges that the primary objective and intended end result of the contractual relationship was the manufacture of plastic fans for use in its dryers. Thus, plaintiff's implied warranty claims survive defendant's motion to dismiss.

Defendant additionally argues that plaintiff's negligence claim is barred by the economic loss doctrine. Generally speaking, the economic loss doctrine bars the purchaser of a product from recovering pursuant to a tort theory damages against the product's manufacturer for damages that are purely economic. Linden, 283 Wis. 2d at 613. Based on the complaint, I cannot say that plaintiff cannot prove a set of facts under which the economic loss doctrine has no application. Plaintiff alleges that defendant damaged plaintiff's property while defendant was in possession of the property, not that the property did not perform as

4

expected under a contract.  Thus, it would appear that the doctrine has nothing to do with plaintiff's negligence claim.

## IV.  CONCLUSION

Therefore, for the reasons stated,

**IT IS ORDERED** that defendant's motion to dismiss is **DENIED.**

**IT IS FURTHER ORDERED** that defendant's request to strike the affidavit of Daniel Agnello is **DENIED AS MOOT**.

Dated at Milwaukee, Wisconsin, this 16th day of March, 2007.

                                         s/Lynn Adelman
                                         LYNN ADELMAN
                                         District Judge